**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JESUS ALFREDO REQUENE YDROGO, | Case No. 26-cv-01109-BAS-BLM |
| Petitioner, | **ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)** |
| v. | |
| CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center, Respondent. | |

Petitioner Jesus Alfredo Requene Ydrogo filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States through the CBP One app. (ECF No. 9.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or

- 1 -

she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner, a citizen of Venezuela, entered the United States on March 10, 2024, using the CBP One app, seeking asylum.  (ECF No. 9.)  He was immediately released after Border Patrol determined he was not a flight risk or danger to the community.  (*Id*.)  On February 8, 2026, the Department of Homeland Security ("DHS") re-detained Petitioner without notice or an opportunity to be heard and without any changed circumstances with respect to his flight risk or danger to the community.  (*Id*.)  Petitioner seeks immediate release or a bond hearing.

## III.   ANALYSIS

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty.  *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers).  Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings.  Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal.  And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be

- 2 -

26cv1109

revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner upon finding he was not a flight risk or a danger to the community in March 2024, and because there is no evidence those circumstances have changed, Petitioner is entitled to remain released on the same conditions as he was initially released. If DHS believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** Jesus Alfredo Requene Ydrogo (A#244-434-333) be released on the same terms and conditions as he was ordered released in March of 2024.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 15, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv1109